## STEWART *v.* MUNDY *et al.*

HOLDEN, J. 1. An attorney at law who signed his name as counsel for the plaintiff to a petition in a suit by the latter is not thereby estopped from assailing the truth of the averments made in such petition, in a subsequent litigation wherein the attorney is a claimant of the property involved in the former litigation and to which the plaintiff in fi. fa. in the claim case was not a party.

2. Where, upon the trial of a claim case, the plaintiff in fi. fa. contended that the defendant in fi. fa. bargained for the land levied upon from the owner and obtained title from him and from his heirs at law after his death, and the claimants contended that they obtained title from such heirs at law, it was not error requiring a new trial to admit in evidence, in behalf of the claimants, a deed purporting to convey the land to such owner, over objection of the plaintiff that neither title nor possession was shown in the one making such deed.

(*a*) Upon the trial of the claim case the record of a suit for damages to the property brought by such heirs at law against a municipal corporation and a railroad company, and the verdict and judgment therein for the defendants, were not admissible in behalf of the plaintiff in fi. fa. upon the ground that upon the trial of the claim case the claimants contended that the defendants in fi. fa., who bargained for the land from the owner above referred to, had no equitable interest in or title to the property by reason of having paid and tendered to the latter and his heirs at law all the purchase-money, and "one of the things pleaded and sought to be proven" by the railroad company in the suit for damages was that the plaintiffs therein had no right to recover, because "a complete equitable title was in" one of the defendants in fi. fa. by reason of payment and tender of the purchase-money to such owner and his heirs at law, and because when they bought the property the claimants had notice that there was a suit for damages to the property brought by the plaintiffs in the suit against the defendants therein, and that a verdict and judgment therein were rendered for the defendants.

3. In view of the entire charge, there was no error requiring a new trial in the charges complained of, nor in failing to charge as complained of in the absence of a written request to so charge. The evidence supported the verdict, and the court did not abuse his discretion in refusing a new trial.      *Judgment affirmed. All the Justices concur.*

SEPTEMBER 21, 1910.

Claim. Before Judge Edwards. Polk superior court. May 10, 1909.

*W. H. Terrell* and *J. S. Gleaton,* for plaintiff.

*John K. Davis, Bunn & Bunn,* and *Mundy & Mundy,* contra.